# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF THOMAS C. MICHAELIDES, BAR NO. 5425.

No. 83876

**FILED**

FEB 1 8 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Thomas C. Michaelides be suspended from the practice of law for 24 months, stayed, with an actual suspension of 6 months followed by an 18-month probationary period based on violations of RPC 3.3(a)(1) (candor towards the tribunal), RPC 3.4(b) (fairness to opposing party and counsel), RPC 4.1(a) (truthfulness in statements to others), RPC 4.2 (communications with persons represented by counsel), RPC 5.3(b) (responsibilities regarding nonlawyer assistants), and RPC 8.4(a), (c) (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Michaelides committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's factual findings that Michaelides violated the above-referenced rules as those findings are supported by substantial evidence and are not clearly erroneous. SCR 105(3)(b); *In re Discipline of Colin*, 135 Nev. 325, 330, 448 P.3d 556, 560 (2019). In particular, the record shows

22-05453

that one of Michaelides' non-attorney employees sent a falsified default judgment order directly to a represented opposing party, as well as to another party, in an attempt to coerce the removal of a negative internet review about Michaelides. The record further shows that Michaelides had the opportunity to explain the situation to the district court but failed to do so. This evidence supports the complaint's allegations concerning Michaelides' professional misconduct. SCR 105(2).

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Here, Michaelides violated duties owed to the legal system (candor to the tribunal, fairness to opposing party and counsel, truthfulness in statements to others, communications with represented persons, and misconduct) and duties owed as a professional (responsibilities regarding nonlawyer assistants). His mental state was intentional or knowing as to the candor to the tribunal and responsibilities regarding nonlawyer assistant violations, and negligent as to the remaining violations. And while Michaelides ultimately stipulated to set aside the falsified default judgment order, the opposing party was injured as he incurred attorney fees to challenge that order. Creating a falsified judgment also caused actual injury to the legal profession and system.

The baseline sanction for Michaelides' misconduct, before considering aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 6.12 (Am. Bar Ass'n 2018) (providing that suspension is appropriate when "a lawyer knows that false . . . documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding"), Standard 6.32 (providing that suspension is generally appropriate "when a lawyer engages in communication with an individual in the legal system when the lawyer knows that such communication is improper, and causes injury or potential injury to a party or causes interference or potential interference with the outcome of the legal proceeding"), Standard 7.2 (providing that suspension is appropriate "when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports five aggravating circumstances (prior disciplinary offenses, dishonest or selfish motive, pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and one mitigating circumstance ("a certain amount of remorse") found by the panel.[1]

---

[1]The panel also found, in mitigation, that Michaelides was subject to other sanctions and penalties, referring to the approximately $51,000 of attorney fees awarded to the opposing party in the falsified judgment case. We do not consider this as a mitigating circumstance, however, as the district court awarded the attorney fees because Michaelides' claims were meritless under Nevada's anti-SLAPP statutes rather than because of the conduct we address in this disciplinary action.

Considering all the factors, we agree that the panel's proposed discipline is appropriate to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby suspend attorney Thomas C. Michaelides from the practice of law for 24 months from the date of this order. After a 6-month actual suspension, the remainder of the suspension is stayed, subject to an 18-month probationary term. As conditions on his probation, Michaelides shall (1) obtain a legal practice mentor approved by the State Bar and provide quarterly reports to the State Bar and (2) engage in no professional misconduct following the date of this order that results in a screening panel recommending that new disciplinary charges be filed against Michaelides. Additionally, Michaelides shall pay the actual costs of the disciplinary proceedings as provided in the State Bar's memorandum of costs, including $2,500 under SCR 120(3), within 30 days from the date of this order if he has not already done so. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.[2]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Hardesty                    Gibbons

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc:  Chair, Southern Nevada Disciplinary Board
Pitaro & Fumo, Chtd.
Bar Counsel, State of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court